

**IT IS ORDERED as set forth below:**

**Date: July 14, 2023**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 12-65475-WLH |
| EMMANUEL OHAI, | CHAPTER 7 |
| Debtor. | |

## ORDER GRANTING DEBTOR'S MOTION TO REOPEN

**THIS MATTER** is before the Court on Debtor's Motion to Reopen Bankruptcy (Doc. No. 17) (the "Motion").

On June 20, 2012, Plaintiff and his now ex-wife filed a petition under chapter 7 of the Bankruptcy Code. The Chapter 7 Trustee, Janet G. Watts, conducted the 341 meeting of creditors on July 17, 2012, and filed a Report of No Distribution on August 16, 2012. The bankruptcy case was closed and discharged on October 5, 2012 (Bankr. Doc. No. 14).

On March 29, 2023, Plaintiff initiated an adversary proceeding (AP 23-5041) by filing a Complaint against two mortgage holders (Delta Community Credit Union ("Delta") and PNC Bank, N.A. ("PNC")), several debt collectors (Dean Engle; Park Tree Investments, LLC; Park Tree

1

20 Investments, LLC; FCI Lender Services, Inc. ("FCI"); Daniel I. Singer & Singer Law Group, LLC; Phillip Jauregui, Michael Jauregui, and Jauregui & Lindsey, LLC), and a consumer reporting agency (MicroBilt Corporation ("MicroBilt")), alleging the Defendants violated the automatic stay and discharge injunction. All Defendants have filed Motions to Dismiss: Dean Engle, Park Tree Investments, LLC, Park Tree 20 Investments, LLC, FCI, Phillip L. Jauregui, and Michael W. Lindsey d/b/a Jauregui & Lindsey, LLC (collectively the "Engle Defendants") (AP Doc. No. 6); Delta (AP Doc. No. 11); PNC (AP Doc. No. 12); MicroBilt (AP Doc. No. 18); and Daniel I. Singer d/b/a Singer Law Group (AP Doc. No. 26). The Engle Defendants and Delta seek dismissal on the basis Debtor failed to reopen his bankruptcy case. PNC joined and adopted the Engle Defendants' Motion to Dismiss.

Debtor submitted the Motion to the Court on March 29, 2023, though it was not immediately docketed. Accordingly, on June 1, 2023, the Court entered an order and notice (Doc. No. 19) giving parties in interest, including the parties to the adversary proceeding, 14 days to file a response to the Motion. The Engle Defendants (Doc. No. 21) and Delta (Doc. No. 22) filed responses to the Motion incorporating similar arguments in the Motions to Dismiss. PNC objected to reopening the case in its Reply in Support of its Motion to Dismiss (AP Doc. No. 19). Debtor filed a reply in support of the Motion (Doc. No. 23). The Engle Defendants contend the bankruptcy case must be reopened for the adversary proceeding to proceed.[1] Delta and PNC contend the case has been closed for over 10 years and the length of time weighs against reopening the case, reopening the case would prejudice Delta and PNC by forcing them to respond to Plaintiff's claims, and reopening would be futile.

---

[1] They also contend the Motion is deficient. Their argument that the Motion is deficient appears to be based on a notice (Doc. No. 18) that was entered in error.

Reopening Standard

The Bankruptcy Code provides, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); Fed. R. Bankr. P. 5010 ("[a] case may be reopened on motion of the debtor or other party in interest pursuant to section 350(b) of the Code."). Reopening a case usually occurs to "take care of some detail that was overlooked or left unfinished at the time the case was closed." In re Grp. Mgmt. Corp., 2022 WL 14929963, at *14 (Bankr. N.D. Ga. Oct. 24, 2022) (cites omitted).

By its reference to "cause," section 350(b) casts a broad net, and a decision in this respect thus necessarily falls within the "sound discretion of a bankruptcy court." In re Tarrer, 273 B.R. 724, 731–32 (Bankr. N.D. Ga. 2001); In re Lewis, 273 B.R. 739, 743 (Bankr. N.D. Ga. 2001). "The bankruptcy court should exercise its discretion, based upon the peculiar facts present and determine if cause exists and how ultimately to dispose of the case." In re Koch, 229 B.R. 78, 88 (Bankr. E.D.N.Y. 1999).

Because there are no statutory criteria set forth defining "cause" for reopening a closed case, motions to reopen should be decided on a case-by-case basis, "consider[ing] the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." In re Kapsin, 265 B.R. 778, 779–80 (Bankr. N.D. Ohio 2001). In considering the question of whether to reopen a closed bankruptcy case, courts generally consider the following three interests: 1) the benefit to the debtor; 2) the prejudice or detriment to the defendant in the pending litigation; and 3) the benefit to the debtor's creditors. Tarrer, 273 B.R. at 732 (cites omitted). Motions to reopen are liberally granted to give debtors relief and further the "fresh start" policy. In re Winkle, 616 B.R. 896, 900 (Bankr. D.N.M. 2020); In re Collis, 223 B.R. 814, 815 (Bankr. M.D. Fla. 1997). However, "[t]he Court will not reopen [a] case if doing so would be futile [.]" In re Phillips, 288 B.R. 585,

587 (Bankr. M.D. Ga. 2002).

In the Complaint, Debtor alleges the Defendants violated the automatic stay and the discharge injunction. Debtors are not required to open the underlying bankruptcy case before bringing section 362(k) stay violation claims. See Johnson v. Smith, 575 F.3d 1079, 1084 (10th Cir. 2009) (finding no basis to require plaintiff "to move to reopen the Chapter 13 case to pursue [Section] 362(k)(1) adversary proceeding"); In re Stanwyck, 450 B.R. 181, 193 (Bankr. C.D. Cal. 2011) (rejecting "Defendants' assertion that [plaintiff] was required to reopen his prior bankruptcy cases to assert [Section] 362(k) claims"). Bankruptcy courts have jurisdiction to hear section 362(k) claims regarding stay violations even when brought after dismissal of the bankruptcy case because they are "core" proceedings within section 1334(b)'s "arising under" jurisdiction. Justice Cometh, Ltd. v. Lambert, 426 F.3d 1342, 1343 (11th Cir. 2005) (allowing a plaintiff to bring a section 362(k) claim in district court post-dismissal of underlying bankruptcy case); In re Tucker, 743 F. App'x 964, 968 (11th Cir. 2018) ("district courts have jurisdiction to entertain claims by debtors that creditors violated the automatic stay, even when those claims are asserted in a separate civil action filed after the bankruptcy case has been dismissed."); Healthcare Real Estate Partners, LLC v. Summit Healthcare Reit, Inc., 941 F.3d 64, 71 (3rd Cir. 2019) (holding that section 362(k) creates a private right of action which can be brought after dismissal of bankruptcy case); Price v. Rochford, 947 F.2d 829, 830-831 (7th Cir. 1991) (section 362(k) "creates a cause of action that can be enforced after bankruptcy proceedings have terminated."). For bankruptcy courts to exercise section 1334(b) jurisdiction, it is not necessary for the underlying case to be open. In re Aheong, 276 B.R. 233, 242-46 (B.A.P. 9th Cir. 2002) ("'arising under' jurisdiction does not depend on the present existence of an open case or a non-dismissed case. It depends solely on the existence of 'civil proceedings arising under title 11.'"). The grant of subject matter jurisdiction

4

exists regardless of whether claimants file the claims before or after closure of the bankruptcy case. Justice Cometh, Ltd., 426 F.3d at 1343.

Similarly, reopening a case to enforce the discharge injunction is not required because the administration of the case is not necessary in order for the court to render a decision. Several courts addressing this issue have determined that it is not necessary to reopen a bankruptcy case regarding the discharge injunction under section 524(e). See, e.g., In re Christian, 180 B.R. 548, 550 (Bankr. E.D. Mo. 1995) (denying the creditor's motion to reopen for the purpose of modifying the injunctive provisions as moot). Determining the enforcement of the discharge injunction is also within the court's core jurisdiction under 28 U.S.C. § 1334. In re Gray, 2017 WL 5125537, at *3 (Bankr. N.D. Ga. Nov. 3, 2017) (citing 6 Collier on Bankruptcy ¶ 350.03[4] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. Supp. 2013)). Accordingly, courts considering similar claims have found there is no need to reopen the bankruptcy case. In re Fierro, 2023 WL 4102073, at *2 (Bankr. N.D. Ga. June 20, 2023).

While reopening is not required, other courts have granted similar motions to reopen out of an abundance of caution. See, e.g., In re Doar, 234 B.R. 203, 207 (Bankr. N.D. Ga. 1999) ("Although this Court does not believe that the reopening of the case is necessary . . . out of an abundance of caution, the Court will order that the case be reopened[.]"); In re Fierro, 2023 WL 4102073, at *2 (Bankr. N.D. Ga. June 20, 2023). Courts recognize that, undoubtedly, issues regarding the discharge injunction are included within the definition of "cause" in section 350(b). For an individual, the discharge is unquestionably the heart and soul of the "fresh start" that Congress intended to provide the poor but honest debtor in bankruptcy. See Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934). "Because of the central role played by the discharge, reopening a closed case to redress a claimed violation of the discharge injunction is almost routinely granted."

5

In re Jones, 367 B.R. 564, 568 (Bankr. E.D. Va. 2007); In re Winkle, 616 B.R. 896, 901 (Bankr. D.N.M. 2020) ("Litigation of an alleged violation of the discharge injunction is a common ground for reopening a closed case."). As other courts have noted, section 350(b) provides that "[a] case may be reopened . . . to accord relief to the debtor[,]" and issuing sanctions for violation of the discharge injunction accords relief to a debtor. In re MacIntyre, 2019 WL 1035683, at *4 (10th Cir. BAP Mar. 5, 2019). Further, a debtor's motion to reopen to seek redress for a creditor's violation of the discharge injunction should not be denied just because no creditor would benefit from the reopening the case. Id. (explaining if a bankruptcy case were reopened only when creditors would benefit from the reopening, then no bankruptcy case would ever be reopened to allow a debtor to pursue a remedy for an alleged discharge injunction violation).

In assessing a debtor's delay in filing a motion to reopen to seek relief for violating the discharge injunction, the bankruptcy court should consider the time between the alleged violation of the discharge injunction and the filing of the motion, not how long the alleged violation occurred after the case was closed. Id. There are no statutory time limits on reopening a case. Most courts take a permissive approach, so that a debtor may reopen the bankruptcy case at any time absent a finding of prejudice to the creditor. Id. Therefore, while a bankruptcy court may consider the passage of time, "the passage of time *alone* . . . does not *necessarily* constitute prejudice to a creditor sufficient to bar the reopening of a case." Id. (emphasis in original).

Legal Analysis

The Engle Defendants, PNC, and Delta argue the case should not be reopened so long after the bankruptcy case was closed. They focus on the time between when the case was closed and the filing of the Motion, instead of the time between the alleged stay and discharge injunction violations and the filing of the Motion.

6

In the Complaint, Plaintiff alleges Delta and PNC violated the automatic stay during the pendency of the case over ten years ago. The case law is clear that reopening is not required for the Court to consider allegations regarding violations of the automatic stay. Further, there is no statute of limitations on actions seeking to remedy violations of the automatic stay. In re Rothenberg, 173 B.R. 4, 13 (Bankr. D.D.C. 1994); In re Briglevich, 147 B.R. 1015, 1020 (Bankr. N.D. Ga. 1992) ("There is no statute of limitations for a claim predicated on the automatic stay provisions of § 362.").

As for the discharge injunction claim, the acts of which Plaintiff complains occurred more recently (Plaintiff alleges Delta sold the underlying notes six years ago, the Engle Defendants sent him communications regarding discharged debt starting in 2017, and PNC violated the discharge injunction as recently as February 2021). A debtor does not forfeit his right to assert his discharge rights merely by delaying in seeking to reopen a bankruptcy case. In re Storek, 355 B.R. 187, 189 (Bankr. N.D. Cal. 2006). Further, the Engle Defendants, PNC, and Delta have not demonstrated they will be prejudiced if the bankruptcy case is reopened, beyond incurring legal fees in responding to the Complaint. Passage of time in itself does not constitute prejudice. In re Dewitt, 644 B.R. 385, 402 (Bankr. S.D. Ohio 2022). This is not to say that laches might not be an appropriate defense to Debtor's claims. See In re Nelson, 159 B.R. 924, 925 (Bankr. D. Idaho 1993). Thus, the Court's determination that the passage of time is not fatal to Debtor's motion to reopen is without prejudice to the defense of laches in the adversary proceeding. Moreover, reopening the case is clearly for the Debtor's benefit, and the fact creditors do not benefit is not relevant where the purpose of reopening is to vindicate an alleged discharge violation.

Ultimately, the Court does not need to reopen the bankruptcy case to consider Debtor's claims regarding the automatic stay and the discharge injunction. Case law is clear that such claims

are core matters that go to the heart of a bankruptcy case, and any relief would go to the Debtor. But the Court finds there is cause to reopen the bankruptcy case and out of an abundance of caution will do so. The Court also understands there is ongoing litigation between the parties to the adversary proceeding, some of whom may be unfamiliar with bankruptcy practice and procedure and may desire the comfort of an order from the bankruptcy court prior to allowing Plaintiff to proceed on the Complaint. See In re Patterson, 297 B.R. 110, 114–15 (Bankr. E.D. Tenn. 2003). The decision to reopen the case is without prejudice to the Motions to Dismiss filed in the adversary proceeding, where the Court will delve into whether the Complaint sufficiently pleads a cause of action.

Conclusion

For the reasons stated above, the Court finds there is cause to reopen the bankruptcy case to accord relief to the Debtor. Although this Court does not believe that the reopening of the case is a necessary prerequisite to proceeding with a lawsuit asserting violations of the automatic stay and discharge injunction, out of an abundance of caution, the Court will order that the case be reopened for the limited purpose of addressing the Debtor's claims regarding alleged violations of the automatic stay and the discharge injunction.

Accordingly,

**IT IS ORDERED** that the Motion is **GRANTED**.

**END OF DOCUMENT**

8

**Distribution List**

Emmanuel O Ohai
863 Flat Shoals Rd. SE
C #155
Conyers, GA 30094

Charles H. Van Horn
Berman Fink Van Horn, P.C.
3475 Piedmont Rd., NE
Suite 1100
Atlanta, GA 30305

William Lasker
Ballard Spahr
Utah One Center - Suite 800
201 S. Main St.
Salt Lake City, UT 84111-2221

Larry W. Johnson
138 Hammond Drive, Suite B
Atlanta, GA 30328

Erin M. Rose Quinn
Quinn Legal, P.A.
19321 US Highway 19 N.
Suite 512
Clearwater, FL 33764

Megan Poitevint Mitchell
Arnall Golden Gregory LLP
171 17th Street NW, Ste 2100
Atlanta, GA 30363

All creditors on the bankruptcy case mailing matrix.